UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES J. ANTONACCI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:05-CV-2173 CAS |
| | ) |
| STATE FARM MUTUAL AUTOMOBILE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to remand. Defendant opposes the motion. The Court will deny the motion for the reasons set forth below.

**I.    BACKGROUND**

Plaintiff filed this uninsured motorist claim against his insurance company, State Farm Mutual Automobile Insurance Company ("State Farm") in the Circuit Court of the City of St. Louis, Missouri. Defendant State Farm removed the action to this court based on diversity jurisdiction.

Plaintiff now moves to remand, arguing that diversity does not exist because for purposes of diversity an insurance company is considered a citizen of the state of its insured and plaintiff is a citizen of Missouri. State Farm opposes the motion, contending that diversity exists because State Farm is incorporated in the State of Illinois and has its principal place of business in Illinois. State Farm further argues this case, as an uninsured motorist claim, is not a direct action within the meaning of 28 U.S.C. 1332(c)(1). Plaintiff did not file a reply.

**II.    DISCUSSION**

A defendant may remove a state court action to federal court based on diversity of citizenship when the matter in controversy exceeds $75,000 exclusive of interests and costs and is between

citizens of different states. See 28 U.S.C. § 1332(a)(1). The diversity jurisdiction created by 28 U.S.C. § 1332 is to be strictly construed. Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir.1992). The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir.1969). Any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir.1997), cert. denied, 522 U.S. 1075 (1998).

A corporation is a citizen of its state of incorporation and also of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). This section provides in pertinent part:

> [I]n any direct action, against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

28 U.S.C. § 1332(c)(1).

"Courts have uniformly defined the term 'direct action' as used in § 1332(c) as those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." Beckham v. Safeco Ins. Co. of America, 691 F.2d 898, 901-02 (9th Cir.1982). When an insured brings a claim against his own insurer, "no direct action [exists] because the insurer's status is not that of a payor of a judgment based on the negligence of one of its insureds." McGlinchey v. Hartford Acc. & Indem. Co., 866 F.2d 651 (3d Cir.1989). "[U]nless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action." Fortson v. St. Paul Fire and Marine Ins. Co., 751 F.3d 1157, 1159 (11th Cir.1985). Here plaintiff is suing his own insurance company, not the insurance

company of a third party. Thus, plaintiff's cause of action is a contract claim against his own insurance carrier, not a "direct action." As this Court recently held in Niesman v. Cincinatti Ins. Co., 2006WL27213 (E.D. Mo. 2006), the Court again holds that plaintiff's suit against State Farm is not a "direct action" within the meaning of § 1332(c). Therefore, State Farm cannot be found to be a citizen of Missouri pursuant to section 1332 (c)(1) dealing with "direct actions" against insurance companies.

Moreover, State Farm is not a citizen of the State of Missouri pursuant to section 1332(c)(1) discussing corporate citizenship in general. Under the provisions of that subsection, a corporation is a citizen of its state of incorporation or the state which is the corporation's principal place of business. Here it is undisputed that State Farm is incorporated in the State of Illinois and its principal place of business is in Illinois. Thus, under section 1332(c)(1), State Farm is a citizen of Illinois for diversity purposes. As plaintiff is a citizen of Missouri and State Farm is a citizen of Illinois, citizenship between the parties is completely diverse. Thus, plaintiff's motion to remand should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand is **DENIED**. (Doc. 6)

　
*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 7th day of March, 2006.